**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KEVIN PRESCOTT,

Plaintiff, Case No.: 13-62338-CIV-BLOOM/VALLE

vs.

SETERUS, INC.,

Defendant.
_______________________________/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56 OF THE FEREDAL RULES OF CIVIL PROCEDURE AND ACCOMPANYING MEMORANDUM OF LAW**

**STATEMENT OF UNDISPUTED FACTS**

1. Plaintiff is a consumer and the underlying debt at issue is for a personal mortgage. (Deposition transcript, page 21, lines 10-18. Complete deposition transcript of Seterus's corporate representative is attached to this motion as "Exhibit A")

2. Defendant Seterus, Inc. was acting as a collector and was attempting to collect a past due debt from Plaintiff. (Seterus Deposition Transcript, Deposition Transcript, page 40, line 1 through line 16) (Seterus Deposition Transcript, page 24, line 20 through page 25, line 7).

3. Defendant Seterus, Inc. sent Plaintiff a dunning letter dated September 4, 2013 through U.S. Mail requesting that Plaintiff pay a past due balance of $15,569.64. (Seterus Deposition Transcript, page 22, line 14 through page 23, line 9) (Also see "Seterus Letter", attached hereto as "Exhibit B")

4. Included as charges in the dunning letter sent to Plaintiff were $3,175.00 in "estimated legal fees". (Seterus Deposition Transcript, page 25, line 25 through page 26, line 2).

5. No legal work of any kind was performed to substantiate the $3,175.00 in legal fees that were charged to Plaintiff. (Seterus Deposition Transcript, page 32, line 23 through page 33, line 24.)

6. Despite the fact that no legal work was actually performed, Seterus, Inc., nevertheless demanded $3,175.00 in legal fees from Plaintiff. (Page 33, line 16 through line 24)

7. If Plaintiff had not paid Seterus, Inc. $3,175.00 in legal fees that they demanded, Seterus, Inc. would have refused to reinstate Plaintiff's loan. (Seterus Deposition Transcript, Page 34, line 23 through page 35, line 5.)

8. Because Defendant Seterus, Inc. would not reinstate Plaintiff's loan unless Plaintiff paid the $3,175.00 in "estimated legal fees", Plaintiff sent a wire transfer in the amount of $15,569.64 to Defendant. (Seterus Deposition Transcript, page 25, line 17-24)

9. Defendant Seterus, Inc. received Plaintiff's wire transfer in the amount of $15,569.64 on September 26, 2013. (Seterus Deposition Transcript, page 25, line 22-24)

10. Included within the payment to Defendant Seterus, Inc. was the charge of $3,175.00 in "estimated legal fees". (Seterus Deposition Transcript, page 25, line 25 through page 26, line 7).

11. Plaintiff filed a Complaint on October 3, 2013 alleging that Defendant violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. (See Complaint, paragraph 13, attached as "Exhibit C", which was removed to this Court upon Defendant's Motion for Removal, DE#1)

12. Plaintiff specifically alleged that by forcing Plaintiff to pay $3,175.00 for "estimated legal fees" for legal work that was never done, that Defendant violated 15 USC 1692 (f)1 and Florida Consumer Collection Practices Act 555.72(9). (See Complaint, attached as "Exhibit C", paragraph 13.) Plaintiff specifically alleged that the legal fees were entirely "fictitious".

Plaintiff also demanded attorney fees and costs pursuant to 15 USC 1692k(a)(3) and pursuant to Fla. Stat. Ann. 559.72(7) (See Complaint, Paragraph 18 and paragraph 21)

13. Defendant, via their trial counsel, McGinnis, Wulcher & Beiramee, LLP, filed an Answer on November 1, 2013 denying Plaintiff's claims. (See DE#5, attached hereto as "Exhibit D")

14. Ms. Jenny Lee confirmed in her deposition that Kahane and Associates [who provided the "estimated legal services invoice] performed absolutely no legal work for the $3,175.00 that Plaintiff was billed for by Seterus, Inc. (Seterus Deposition Transcript, Page 33, Line 16-24: Page 64, Lines 15- 20)

15. Seterus, Inc. then capitulated on November 14, 2013 and issued a refund of $3,175.00, the exact amount Plaintiff claimed in his Complaint. (See Exhibit E, attached)

16. There is no agreement of any kind that exists in which Plaintiff agreed to pay for "estimated legal fees". (Seterus Deposition Transcript, page 64, lines 6 – 20)

**THE SUMMARY JUDGMENT STANDARD**

17. Pursuant to recent amendments to the Federal Rules of Civil Procedure, a summary judgment motion may be filed at any time up to 30 days after the close of discovery unless there is an applicable local rule. Fed.R.Civ.P. 56(a) and (c). There being no local rule, this Motion is timely filed because discovery has not yet closed. Discovery does not close until October 27, 2014

18. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on tile, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).

19. "By its very terms, this standard under Fed.R.Civ.P. 56(e) provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact." *Anderson* v. *Liberty Lobby.Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original). As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *[id.*. at 248.]

20. When searching for a disputed issue of material fact, "[t]he court must view the evidence in the light most favorable to the non-moving party … and must resolve all reasonable doubts as to the existence of a genuine issue of material fact against the movant." *Hersh* v. *Allen Products Co., Inc.*, 789 F.2d 230, 232 (3d Cir.1986); see also *Meyer* v. *Riegel Products Co., Inc.*, 720 F.2d 303, 307 n.2 (3d Cir.*1983), cert. dismissed*, 465 U.S. 1091 (1984) and *Lang* v. *New York Life Ins. Co.*,721 F.2d 118, 119 (3d Cir. 1983).

21. As a corollary, once a *prima facie* right to summary judgment is shown, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson, supra* 477 U.S. at 247-248. This requires the non-moving party to do more "than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co., Ltd.* v. *ZenithRadio Corp.*, 475 U.S. 574, 586 (1986) *rev'g* 723 F.2d 238 (3d Cir. 1983). If the evidence is merely "colorable" or is "not significantly probative," summary judgment may still be granted. *Anderson, supra*, 477 U.S. at 249-50 (citations omitted);
*E. Equimark Comm. Finance Co.* v. *CIT Financial Servo Corp.*, 812 F.2d141,144 (3d Cir. 1987).

22. Thus, "a motion for summary judgment must be granted unless the party opposing the motion can adduce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *JE. Mamiye* & *Sons.Inc.* v. *Fidelity*

*Bank*, 813 F.2d 610, 618 (3d Cir.1987) citing *Anderson, supra,* and *Celotex Corp.* V. *Catrett*, 477 U.S. 317 (1986).

23. "Where the record taken as a whole could not lead a rational trier of facts to find for the non-moving party, there is no 'genuine issue for trial'." *Matsushita*, *supra,* 475 U.S. at 587.

**THERE IS NO GENUINE FACTUAL DISPUTE THAT THE FDCPA AND THE FCCPA APPLY TO THIS CASE**

24. It is necessary to initially discuss certain statutory definitions so as to establish that the FDCPA and the FCCPA govern Seterus, Inc.'s conduct with respect to the illegal debt collection activity. The specific terms pertinent here are "consumer," "debt," and "debt collector;" which are defined at 15 U.S.C. §1692a(3), (5), and (6), respectively, and by the FCCPA at 559.55(1), 559.55(2) and 559.55 (6).

25. A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5). Pursuant to Fla. Stat. Ann. 559.55 (1), a "debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

26. The FDCPA defines a "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." I5 U.S.C. §1692a(2). See also Fla. Stat. Ann. 559.55(5).

27. Here, the alleged obligation was for monies owed due to personal mortgage and the same was conceded by Defendant as referenced above. Therefore, the alleged obligation is a "debt" within the meaning of the FDCPA and the FCCPA.

28. A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3). Kevin Prescott is a natural person and is alleged to owe a debt and, therefore, is a "consumer" within the meaning of the FDCPA and pursuant to Fla. Stat. Ann. 559.55(2).

29. A "debt collector" is "any person who" either "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.§1692a(6). See also Fla. Stat. Ann. 559.55(6). SETERUS is a debt collector pursuant to the FDCPA and the FCCPA, as the dunning letters that Seterus, Inc. sent to Plaintiff specifically state that they are a “debt collector”, and Seterus’ Inc. admitted in deposition that Seterus was acting as a debt collector in attempting to collect a past due debt from Plaintiff.

## **<u>LEGAL STANDARD</u>**

30. The FDCPA is a strict liability statute and a "consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell* v.*Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

31. The language of the FDCPA is to be construed broadly to effectuate its purpose and a "significant purpose of the Act is not only to eliminate abusive practices by debt collectors, but 'to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. " *Brown v. Card Servo Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006).

## ALLEGATIONS

32. Prescott alleged, among other things, that SETERUS, INC violated 15 USC 1692f(1) and Fla. Stat. Ann 555.72(9) as a result of charging Plaintiff a fee of $3,175.00 for fictitious legal services that Plaintiff never agreed to be responsible for.

33. In order to prevail on a FDCPA claim, a plaintiff must prove that: 1) the plaintiff has been the object of collection activity arising from consumer debt, 2) the defendant is a debt collector as defined by the FDCPA and the FCCPA, and 3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Kaplan v. Assetcare, Inc.,* 88 F.Supp.2d 1355, 1360–61 (S.D.Fla.2000)(quoting *Sibley v. Firstcollect, Inc.,* 913 F.Supp. 469, 470 (M.D.La.1995).

34. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So.2d 196, 200-201 (Fla.1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 59.552(providing that in the event of inconsistencies with the federal **513* Fair Debt Collection Practices Act, the provision that is more protective of the debtor prevails). Unlile the FDCPA, the Plaintiff must show that Defendant had "actual knowledge" of the violation to prevail.

## THERE IS NO DISPUTE OF ANY MATERIAL FACT THAT DEFENDANT VIOLATED 15 USC 1692F(1)

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. (Emphasis added)**

35. Pursuant to Defendant's own corporate representative's testimony, Plaintiff was charged $3,175.00 for "estimated legal fees", he paid the fees because Defendant would not have reinstated his loan without payment of the fees, no legal work of any kind was done to substantiate the fees, and there is no written or oral agreement that authorizes these fees. Therefore, this is a textbook violation of 15 USC 1692F(1) and Plaintiff respectfully requests that this Court enter judgment in his favor on this count, with a determination as to statutory damages to be made by the jury.

**THERE IS NO GENUINE DISPUTE OF ANY MATERAIAL FACT THAT DEFENDANT VIOLATED 555.72(9), WHICH PROVIDES IN RELEVANT PART AS FOLLOWS:**

36. IT IS A VIOLATION OF 555.72(9) TO:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

37. Defendant freely admitted in deposition that they sent Plaintiff a dunning letter which included $3,175.00 for "estimated legal fees", that Defendant had actual knowledge that absolutely no legal work was done to earn the legal fees, [which is why the fees were characterized as "estimated legal fees" on the Reinstatement Letter] and that Defendant refused to reinstate his loan without payment of these fees. Again, this is a textbook violation of 555.72(9) and Plaintiff respectfully requests that this court enter judgment in his favor on this count, with determination of damages left to the jury. This precise issue was addressed and decided in Plaintiff's favor in Banner v. Wells Fargo Bank and Law Offices of David J. Stern, P.A., 2011 WL 7501176 (Fla. Cir. Ct., attached hereto as "Exhibit F") (In Banner v. Wells Fargo, Judge Barkdull found it to be a specific violation of 559.72(9) to charge for, among other things, "attorneys' fees for services not yet performed as of the date of the Reinstatement Letter".

Thus, Defendant Seterus, Inc. finds itself utilizing a business model that was invented by David J. Stern, P.A., for which there no legal backing exists.

**THERE IS NO DISPUTE OF ANY MATERIAL FACT THAT PLAINITFF IS ENTITLED TO AN AWARD OF ATTORNEY FEES AND COSTS PURSUANT TO 15 USC 1692k(a)(3)**

38. It is undisputed that Plaintiff filed a Complaint in which the request for the return of $3,175.00 was the largest component of his damages. It is further undisputed that Defendant filed an Answer (attached as Exhibit D) in which Defendant denied that Plaintiff was entitled to any of the relief requested in his Complaint. Defendant then capitulated and refunded the $3,175.00 that Plaintiff sought in his Complaint.

39. Unbelievably, even after filing an answer denying that Plaintiff was entitled to a refund of the $3,175.00 in "estimated legal fees", and subsequently capitulating on this argument by refunding Plaintiff's funds, Defendant through their counsel Seric Fallon refused to concede liability on any issue, and further refused to simply stipulate entitlement to attorney fees. (See "Exhibit G", attached)

40. As stated in *In re Martinez,* a case arising under the analogous provisions of the Fair Debt Collection Practices Act ("FDCPA"),[21] "[g]iven the structure of § 1690k, attorney's fees should not be construed as a special or discretionary remedy; rather the [FDCPA] *mandates* an award of attorney's fees as a means of fulfilling Congress's intent that the [FDCPA] should be enforced by debtors acting as private attorneys general." *In re Martinez,* 266 B.R. at 537 (emphasis in original) (citing *Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir.1991)).

41. The Florida law definition of "prevailing party" mirrors the definition of the term under federal law. *See Hensely v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (parties "may be considered 'prevailing parties' for attorney's fees purposes if they succeed

on any significant issue in litigation ...”); *see also Herbst v. N. Ocean Condos, L.P.*, Case No. 08–60869–CIV, 2009 WL 2257827, at * (S.D.Fla. July 29, 2009)

**THERE IS NO DISPUTE OF ANY MATERIAL FACT THAT PLAINITFF IS ENTITLED TO AN AWARD OF ATTORNEY FEES AND COSTS PURSUANT TO 559.72(7)**

The “prevailing party”, for purposes of attorney's fees, is a party which the trial court determines prevailed on significant issues in the litigation. The single most significant item at issue was the Plaintiff’s claim for return of $3,175.00 in “estimated legal fees”. Defendant specifically denied this request in their Answer and ultimately capitulated upon this issue. As of the fling of this motion, Defendant refuses to conceded liability or attorney fee entitlement, yet 559.72(7) [like it’s counterpart in the FDCPA] makes the award of attorney fees and costs mandatory and Plaintiff respectfully requests an Order requiring Defendant to pay attorney fees and costs, with determination of the amount held in abeyance.

**CONCLUSION**

There are no material facts in dispute. This Motion presents uncomplicated questions easily answered by the plain language of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. For the foregoing reasons, Plaintiff, KEVIN PRESCOTT, respectfully requests that the Court grant partial summary judgment on all matters referenced above.

Dated: October 17, 2014

Respectfully submitted,

s/ J. Dennis Card, Jr.

J. Dennis Card Jr., Esq
Florida Bar No.: 0487473
E-mail: DCard@Consumerlaworg.com
Consumer Law Organization, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (305) 574-0132

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

s/ J. Dennis Card, Jr.

**SERVICE LIST**

Christopher Hahn, Esq.
Florida Bar No.: 40979
E-mail: chahn@mwbllp.com
MCGINNIS WUTSCHER BEIRAMEE LLP
110 E. Broward Blvd., Suite 1700
Fort Lauderdale, FL 33301
Direct: (561) 807-6827
Fax: (866) 581-9302
Attorneys for Defendant
Service via CM/ECF