# EXHIBIT C

Electronically Filed 10/03/2013 11:40:42 AM ET

**IN THE CIRCUIT CIVIL COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

CIVIL DIVISION

KEVIN PRESCOTT,

CASE NO.:

Plaintiff,

vs.

SETERUS, INC.,

Defendant.

_______________________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KEVIN PRESCOTT [hereinafter "Plaintiff"], alleges violation(s) of the Florida Consumer Collection Practices Act § 559.55 et seq. [hereinafter "FCCPA"] and violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 et seq. versus SETERUS, Inc. Plaintiff claims damages in excess of this Court's jurisdictional limit of $15,000.00, exclusive of attorneys' fees and costs.

1. Unlike the F.D.C.P.A., the Florida Consumer Collection Practices Act is not restricted solely to third party debt collectors. While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976 ).

2. Plaintiff brings this action seeking damages against Defendant for abusive debt collection practices.

## LEGAL STANDARD

3. The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). Pursuant to Florida Statute 559.55(2), (The FCCPA), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

## Trial By Jury

4. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.

## Jurisdiction and Venue

5. This Complaint is subject to the jurisdiction of this Court pursuant to the FCCPA § 559.55 et seq and pursuant to 15 USC 1692 et seq.

6. Venue is proper in this because the alleged acts and transactions complained of occurred here, Plaintiff resides here, and Defendant transacts and/or conducts business here, and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

## Parties

7. Plaintiff is a natural person who currently resides in the city of Pembroke Pines, Florida.

8. Plaintiff is a "consumer" as defined by the FCCPA. See Fla. Stat. § 559.55(2) and pursuant to 15 U.S.C. § 1692a(3).

9. Plaintiff purchased a home in Pembroke Pines in approximately 2003. The servicing rights for this loan have apparently been transferred to Defendant Seterus, Inc., as they have sent correspondence to Plaintiff advising of the same. (See "Exhibit A")

10. At some point in time, Plaintiff's mortgage went into default, and Defendant Seterus, Inc. began relentlessly contacting Plaintiff in an attempt to collect the debt from July 2012 through and including the filing of this complaint. Defendant Seterus, Inc. contacted Plaintiff repeatedly by telephone and also sent Plaintiff a "reinstatement letter" dated September 4, 2013. (See "Exhibit B") These telephone calls and correspondence were "communications" as contemplated by both the FDCPA and the FCCPA.

11. Defendants "reinstatement letter" demanded charges that were not due and owing and which were never incurred, and Defendant had actual knowledge that many of the charges contained in the "reinstatement letter" were false.

12. Examples of Defendants charges that are false include alleged "property inspections" which Defendant supposedly conducted on 7/24/12, 8/24/12, 9/21/12, 11/14/12, 2/12/13, 3/6/13, 5/8/13, 6/6/13, 7/17/13, 8/08/13, and 8/30/13. The purpose of "property inspections" are to verify occupancy of the property and to inspect the overall condition of the property. Defendant had actual knowledge that Plaintiff resided at the property because they continuously called him throughout this period at his residential telephone number. Upon information and belief, and therefore alleged, these "property inspections" did not occur and were manufactured to illegally bill Plaintiff.

13. Other charges that were fabricated include "legal fees" that Defendant included in Plaintiff's "reinstatement letter". Defendant billed Plaintiff $1,125.00 on 8/22/2013 and "estimated" "legal/attorney" bills in the amount of $3,175.00, and these legal charges are entirely

fictitious. Plaintiff did not agree to any of the charges referenced in this paragraph, and none of the "legal work' charge was actually performed, as Plaintiff is not involved in litigation with defendant other than the instant lawsuit.

14. As a result of Defendants threats, Plaintiff was coerced into wiring Defendant $15,569.64 to defendant on or about September 26, 2013. (See "Exhibit C"). Included in this wire were the fraudulent charges as alleged in paragraph 12 and 13 above.

15. Defendant is a "debt collector" as contemplated by the Florida Consumer Collection Practices Act as the FCCPA applies to original creditors who are attempting to collect their own debts. Defendant SETERUS, INC is also a "debt collector" as contemplated by the FDCPA pursuant to the language included in their correspondence to Plaintiff, and their registration with the state of Florida as a "debt collector.

**SUMMARY**

16. As a result of Defendants actions violating provisions of the FCCPA and the FDCPA, the Plaintiff incurred substantial damage, including but not limited financial damage

17. Due to Defendant's poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

**COUNT 1**
**AS TO SETERUS, INC., VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)**

Defendant(s) expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. See Fla. Stat.§ 559.72(9) (2011) (stating that it is unlawful for a debt

collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

18. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for all of the following:

a. Actual damages;

b. Statutory damages pursuant to Fla. Stat. 559.72(2);

c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);

d. Such other and further relief as the Court may deem to be just and proper.

e. Plaintiff respectfully demands trial by jury in this action.

**COUNT 2**
**AS TO SETERUS, INC.,**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

21. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for:

A) Damages and

B) Attorneys' fees and costs.

**COUNT 3**
**AS TO SETERUS, INC.,**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(2)**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

24. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

**COUNT 4**
**AS TO SETERUS, INC.,**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES**
**15 U.S.C. § 1692f(1)**

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

27. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for:

A) Damages and

B) Attorneys' fees and costs.

**Relief Requested**

WHEREFORE, based on the above stated in this complaint Plaintiff has been the subject of Defendant's abusive and unfair practices in their debt collection activity was in violation of the FCCPA and the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff on all counts and requested forms of relief and against all Defendants.

Dated: October 3, 2013

Respectfully Submitted,

s/ J. Dennis Card, Jr.
J. Dennis Card, Jr., Esq.

Florida Bar No.: 0487473
Email: Dcard@Consumerlaworg.com
Consumer Law Organization, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (305) 574-0132
Attorney for Plaintiff