# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

KEVIN PRESCOTT,

Plaintiff,

v. Case No. 0:13-cv-62338-RSR

SETERUS, INC.

Defendant.
_______________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Seterus, Inc. ("Seterus"), by its attorneys, answers the Complaint of Plaintiff, Kevin Prescott, as follows:

1. Unlike the F.D.C.P.A., the Florida Consumer Collection Practices Act is not restricted solely to third party debt collectors. While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

**ANSWER:** The allegations contained in this Paragraph consist only of legal conclusions rather than allegations of fact and, therefore no response is required. To the extent a response may be required, Seterus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this Paragraph.

2. Plaintiff brings this action seeking damages against Defendant for abusive debt collection practices.

**ANSWER:** Seterus acknowledges that Plaintiff attempts to bring this action as indicated, but denies that any "abusive debt collection practices" occurred, denies any and all alleged liability, and denies that Plaintiff is entitled to any relief from or against Seterus.

**Answers to Allegations as to Legal Standard**

3. The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). Pursuant to Florida Statute 559.55(2), (The FCCPA), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

**ANSWER:** The allegations contained in this Paragraph consist only of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Seterus admits the allegations contained in this Paragraph only to the extent the allegations are consistent with the legal authority cited and denies the allegations to the extent of any inconsistency. Seterus denies that any violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), or the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq. ("FCCPA"), occurred here, denies any and all alleged liability, and denies that Plaintiff is entitled to any relief from or against Seterus.

**Answers to Allegations as to Trial By Jury**

4. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.

**ANSWER:** The allegations contained in this Paragraph consist only of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Seterus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this Paragraph.

**Answers to Allegations as to Jurisdiction and Venue**

5. This Complaint is subject to the jurisdiction of this Court pursuant to the FCCPA § 559.55 et seq. and pursuant to 15 USC 1692 et seq.

**ANSWER:** Seterus removed this action to the United States District Court for the Southern District of Florida, and asserts that subject matter jurisdiction is now proper in this Court.

6. Venue is proper in this because the alleged acts and transactions complained of

occurred here, Plaintiff resides here, and Defendant transacts and/or conducts business here, and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

**ANSWER:** Seterus denies that any violation of the FDCPA or FCCPA occurred here, denies any and all alleged liability, and denies that Plaintiff is entitled to any relief from or against Seterus, and otherwise denies that it acted illegally in any way as alleged in this Paragraph. Seterus removed this action to the United States District Court for the Southern District of Florida, and asserts that venue is now proper in this Court.

**Answers to Allegations as to Parties**

7. Plaintiff is a natural person who currently resides in the city of Pembroke Pines, Florida.

**ANSWER:** Seterus admits that Plaintiff is a natural person, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this Paragraph.

8. Plaintiff is a "consumer" as defined by the FCCPA. See Fla. Stat. § 559.55(2) and pursuant to 15 U.S.C. § 1692a(3).

**ANSWER:** The allegation contained in this Paragraph consists only of a legal conclusion rather than an allegation of fact, and therefore no response is required. To the extent a response may be required, Seterus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this Paragraph.

9. Plaintiff purchased a home in Pembroke Pines in approximately 2003. The servicing rights for this loan have apparently been transferred to Defendant Seterus, Inc., as they have sent correspondence to Plaintiff advising of the same. (See "Exhibit A")

**ANSWER:** Seterus lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph, except that Seterus admits only that it services a loan (the “Subject Loan”) that is and was at all relevant times secured by a mortgage on the real estate commonly known as 9800 SW 16th Ct., Pembroke Pines, Florida (the “Subject Property”). No

"Exhibit A" was attached to the Complaint served on Seterus, and therefore Seterus lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this Paragraph.

10. At some point in time, Plaintiffs mortgage went into default, and Defendant Seterus, Inc. began relentlessly contacting Plaintiff in an attempt to collect the debt from July 2012 through and including the filing of this complaint. Defendant Seterus, Inc. contacted Plaintiff repeatedly by telephone and also sent Plaintiff a "reinstatement letter" dated September 4, 2013. (See "Exhibit B") These telephone calls and correspondence were "communications" as contemplated by both the FDCP A and the FCCPA.

**ANSWER:** Seterus admits only that it communicated with Plaintiff in connection with the Subject Loan, and that Plaintiff defaulted on the Subject Loan. No "Exhibit B" referred to in this Paragraph was attached to the Complaint served on Seterus, and therefore Seterus lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to Exhibit B. Seterus otherwise denies the allegations contained in this Paragraph.

11. Defendants "reinstatement letter" demanded charges that were not due and owing and which were never incurred, and Defendant had actual knowledge that many of the charges contained in the "reinstatement letter" were false.

**ANSWER:** Because no "Exhibit B" was attached to the Complaint served on Seterus, it lacks knowledge or information sufficient to form a belief about the truth of the allegations as they relate to that Exhibit B. Seterus otherwise denies the allegations contained in this Paragraph.

12. Examples of Defendants charges that are false include alleged "property inspections" which Defendant supposedly conducted on 7/24/12, 8/24/12, 9/21/12, 11/14/12, 2/12/13, 3/6/13, 5/8/13, 6/6/13, 7/17/13, 8/08/13, and 8/30/13. The purpose of "property inspections" are to verify occupancy of the property and to inspect the overall condition of the property. Defendant had actual knowledge that Plaintiff resided at the property because they continuously called him throughout this period at his residential telephone number. Upon information and belief, and therefore alleged, these "property inspections" did not occur and were manufactured to illegally bill Plaintiff.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

13. Other charges that were fabricated include "legal fees" that Defendant included in Plaintiffs "reinstatement letter". Defendant billed Plaintiff $1,125.00 on 8/22/2013 and "estimated" "legal/attorney" bills in the amount of $3,175.00, and these legal charges are entirely

fictitious. Plaintiff did not agree to any of the charges referenced in this paragraph, and none of the "legal work' charge [sic] was actually performed, as Plaintiff is not involved in litigation with defendant other than the instant lawsuit.

**ANSWER:** Seterus the allegations contained in this Paragraph.

14. As a result of Defendants threats, Plaintiff was coerced into wiring Defendant $15,569.64 to defendant on or about September 26, 2013. (See "Exhibit C"). Included in this wire were the fraudulent charges as alleged in paragraph 12 and 13 above.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

15. Defendant is a "debt collector" as contemplated by the Florida Consumer Collection Practices Act as the FCCPA applies to original creditors who are attempting to collect their own debts. Defendant SETERUS, INC is also a "debt collector" as contemplated by the FDCP A pursuant to the language included in their correspondence to Plaintiff, and their registration with the state of Florida as a "debt collector.

**ANSWER:** The allegations contained in this Paragraph consist only of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Seterus denies the allegations contained in this Paragraph.

**Answer to "Summary" Allegations**

16. As a result of Defendants [sic] actions violating provisions of the FCCPA and the FDCPA, the Plaintiff incurred substantial damage, including but not limited [to] financial damage.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

17. Due to Defendant's poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

**Answer to Count 1**
**Alleged Violation of FCCPA**

[sic] Defendant(s) [sic] expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) [sic] knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. See Fla. Stat.§ 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

18. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

**ANSWER:** Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all alleged liability to Plaintiff, and prays for judgment in its favor and against Plaintiff, dismissing this action with prejudice and awarding to Seterus its costs of suit and reasonable attorney's fees, along with all additional relief deemed just and proper.

**Answer to Count 2**
**Alleged Violation of FDCPA**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:** Seterus restates and incorporates by reference all of its answers and responses to the above Paragraphs.

20. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

**ANSWER:** The allegations contained in this Paragraph consist only of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Seterus denies the allegations contained in this Paragraph.

21. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

**ANSWER:** The allegations contained in this Paragraph consist only of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Seterus denies the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all alleged liability to Plaintiff, and prays for judgment in its favor and against Plaintiff, dismissing this action with prejudice and awarding to Seterus its costs of suit and reasonable attorney's fees, along with all additional relief deemed just and proper.

**Answer to Count 3**
**Alleged Violation of FDCPA**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated here.

**ANSWER:** Seterus restates and incorporates by reference all of its answers and responses to the above Paragraphs.

23. Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

**ANSWER:** Seterus denies that allegation contained this Paragraph.

24. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

**ANSWER:** Seterus denies the allegation contained in this Paragraph.

WHEREFORE, Seterus denies any and all alleged liability to Plaintiff, and prays for judgment in its favor and against Plaintiff, dismissing this action with prejudice and awarding to Seterus its costs of suit and reasonable attorney's fees, along with all additional relief deemed just and proper.

**Answer to Count 4**
**Alleged Violation of FDCPA**

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated here.

**ANSWER:** Seterus restates and incorporates by reference all of its answers and responses to the above Paragraphs.

26. Defendants falsely represented the character of the alleged debt that was allegedly

owed to Defendant.

**ANSWER:** Seterus denies the allegation contained in this Paragraph.

27. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

**ANSWER:** Seterus denies the allegation contained in this Paragraph.

WHEREFORE, Seterus denies any and all alleged liability to Plaintiff, and prays for judgment in its favor and against Plaintiff, dismissing this action with prejudice and awarding to Seterus its costs of suit and reasonable attorney's fees, along with all additional relief deemed just and proper.

## AFFIRMATIVE DEFENSES

Seterus states the following for its Affirmative Defenses:

1. On or about April 22, 2004, Bank of America, N.A. extended the Subject Loan to Plaintiff and his spouse, Debby Ann Prescott.

2. At all relevant times, Seterus serviced and continues to service the Subject Loan, for and on behalf of the owner of the Subject Loan.

3. The Subject Loan was not in default when Seterus started servicing the Subject Loan.

### First Affirmative Defense

4. Seterus restates and incorporates by reference that facts and other matters pled in Paragraphs 1-3 of its Affirmative Defenses above.

5. Plaintiff fails to state a claim for which the relief requested may be granted, and Seterus reserves and does not waive its arguments relating to the legal sufficiency of Plaintiff's allegations.

WHEREFORE, Seterus prays for judgment in its favor and against Plaintiff, dismissing this action with prejudice and awarding to Seterus its costs of suit and reasonable attorney's fees,

along with all additional relief deemed just and proper.

**Second Affirmative Defense**

6. Seterus restates and incorporates by reference that facts and other matters pled in Paragraphs 1-3 of its Affirmative Defenses above.

7. To the extent Plaintiff may allegedly have suffered any actual damages, and to the extent Seterus may somehow be liable in this action, Plaintiff's alleged actual damages were caused in whole or in part by his own failure to mitigate those alleged damages.

8. To the extent Plaintiff may allegedly have suffered any actual damages, and to the extent Seterus may somehow be liable in this action, Plaintiff's alleged actual damages were caused in whole or in part by third parties unaffiliated with Seterus, and over whom Seterus neither had nor exercised any direction or control.

WHEREFORE, Seterus prays for judgment in its favor and against Plaintiff, dismissing this action with prejudice and awarding to Seterus its costs of suit and reasonable attorney's fees, along with all additional relief deemed just and proper.

**Third Affirmative Defense**

9. Seterus restates and incorporates by reference that facts and other matters pled in Paragraphs 1-3 of its Affirmative Defenses above.

10. Seterus denies that it violated any provision of the FCCPA and/or the FDCPA.

11. Nevertheless, any alleged violation by Seterus would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Seterus's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

12. Seterus's processes and procedures included, without limitation:

a. Strict limitations on the number of calls that could be made within defined

periods of time to borrowers on mortgage loans serviced by Seterus; and

b. Strict limitations on the time of day at which borrowers on mortgage loans serviced by Seterus could be called; and

c. Strict prohibitions on obtaining unauthorized telephone or cell phone numbers from "skip traces" or other unauthorized third party sources for borrowers on mortgage loans serviced by Seterus; and

d. Strict prohibitions on calling borrowers on mortgage loans serviced by Seterus without the borrower's consent; and

e. Strict prohibitions on calling borrowers on mortgage loans serviced by Seterus after Seterus received notice that the borrowers were represented by counsel; and

f. Strict prohibitions on harassing or abusing borrowers on mortgage loans serviced by Seterus; and

g. Strict prohibitions on attempting to in any way mislead or deceive borrowers on mortgage loans serviced by Seterus; and

h. Strict prohibitions on threatening to take any action that Seterus was not legally authorized to take, and/or that Seterus did not intend to take, against borrowers on mortgage loans serviced by Seterus; and

i. Strict limitations on any communications with any third parties in connection with mortgage loans serviced by Seterus; and

j. Strict limitations on contacting borrowers on loans serviced by Seterus, when the borrowers requested that Seterus stop contacting them.

13. Therefore, to the extent that there may have been an alleged bona fide error in the communications to Plaintiff regarding the Subject Loan, the communications were not the result of a knowing or intentional act or acts by Seterus, and were thus an unknowing and unintentional

bona fide error, notwithstanding the maintenance of procedures reasonably adapted by Seterus to avoid such error.

14. Accordingly, even if a violation had in fact occurred as alleged, Seterus would not be liable pursuant to § 559.77(3) Fla. Stat and/or pursuant to 15 U.S.C. § 1692k(c).

WHEREFORE, Seterus prays for judgment in its favor and against Plaintiff, dismissing this action with prejudice and awarding to Seterus its costs of suit and reasonable attorney's fees, along with all additional relief deemed just and proper.

**Fourth Affirmative Defense**

15. Seterus restates and incorporates by reference that facts and other matters pled in Paragraphs 1-3 of its Affirmative Defenses above.

16. Seterus denies that it violated any provision of the FCCPA and/or the FDCPA.

17. Pursuant to 15 U.S.C. § 1692k, the FDCPA does not allow statutory damages of $1,000 per violation of the statute, or $1,000 per improper communication.

18. Pursuant to Fla. Stat. § 559.77(2), the FCCPA does not allow statutory damages of $1,000 per violation of the statute, or $1,000 per improper communication.

19. Accordingly, even if a violation had in fact occurred as alleged, Seterus could only be liable for one award of statutory damages under the FCCPA and FDCPA.

WHEREFORE, Seterus prays that any relief be limited only as allowed under the FCCPA and FDCPA, and that the Court provide Seterus with all additional relief deemed just and proper.

**Fifth Affirmative Defense**

20. Seterus restates and incorporates by reference that facts and other matters pled in Paragraphs 1-3 of its Affirmative Defenses above.

21. Plaintiff's spouse, Debby Ann Prescott, is a co-obligor on the Subject Loan.

22. According to Plaintiff's allegations, Seterus required payment on the Subject

Loan of amounts to which it allegedly was not entitled, which amounts were allegedly paid to reinstate the Subject Loan following a default. Seterus denies Plaintiff's allegations.

23. Plaintiff's spouse, Debby Ann Prescott, is a necessary party to this action, because:

(a) In her absence, the Court cannot accord complete relief among existing parties; or

(b) She has an interest relating to the subject of the action and is so situated that disposing of the action in her absence may leave Seterus subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of her interest.

24. Under Fed. Rules Civ. Pro. Rule 19(a), this action cannot proceed without Plaintiff's spouse, Debby Ann Prescott, being made a party.

WHEREFORE, Seterus prays for judgment in its favor and against Plaintiff, dismissing this action with prejudice and awarding to Seterus its costs of suit and reasonable attorney's fees, along with all additional relief deemed just and proper.

**Attorney's Fees**

Seterus is entitled to recover its attorneys' fees pursuant to Florida Statute § 559.77 as Plaintiff's allegations are without merit, and pursuant to 15 U.S.C. § 1692k(a)(3) because Plaintiff's allegations were brought in bad faith and for the purpose of harassment, and pursuant to 28 U.S.C. § 1927 because Plaintiff and/or his counsel has unreasonably and vexatiously multiplied these proceedings.

The above Affirmative Defenses are based on the facts currently known to Seterus, and Seterus reserves the right to amend or add affirmative defenses based on facts that may later be

discovered, pled, or offered.

WHEREFORE, Seterus prays for judgment in its favor and against Kevin Prescott, dismissing this action with prejudice and awarding its costs of suit and reasonable attorney's fees, along with all additional relief deemed just and proper.

Dated: November 1, 2013

Respectfully submitted,

**SETERUS, INC.,**

By: s/ Hector E. Lora, Esq.

Hector E. Lora, Esq.
MCGINNIS WUTSCHER BEIRAMEE LLP
Florida Bar No. 755842
110 E. Broward Blvd.
Suite 1700
Fort Lauderdale, FL 33301
Direct: (786) 553-8082
Fax: (866) 581-9302
E-mail: hlora@mwbllp.com

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing document and any related exhibits was served this **1ST day of November, 2013**, using the court's CM/ECF system on all parties who are registered users, and by United States Mail on the following:

Jack Dennis Card, Jr.
Consumer Law Organization, P.A.
2501 Hollywood Blvd., Suite 100
Hollywood, FL 33020
Tel. no. 954-921-9994
Fax: 305-574-0132
Email: dcard@consumerlaworg.com

s/ Hector E. Lora, Esq.