# EXHIBIT F

Case 0:13-cv-62338-BB   Document 41-6   Entered on FLSD Docket 10/20/2014   Page 2 of 2

10/20/2014                Loren BANNER, Plaintiff, v. WELLS FARGO BANK, N.A. and Law Offices of David J. Stern, P.A., Defendants. - WestlawNext

WestlawNext™

## Order On Banner's Motion for Partial Summary Judgment as to Monies Currently Due and Owing

Loren BANNER, Plaintiff, v. WELLS FARGO BANK, N.A. and Law Offices of David J. Stern, P.A., Defendants.   Circuit Court of Florida.   (Approx. 2 pages)

**SELECTED TOPICS**

Liabilities on Bonds or Undertakings

Dissolution of an Injunction Counsel Fees

**Secondary Sources**

**Attorneys' fees as element of damages allowable in action on injunction bond**

164 A.L.R. 1088 (Originally published in 1946)

...This annotation supersedes that in 55 ALR 454, on Attorneys' fees for services in resisting application for preliminary injunction as damages recoverable under bond. As is generally well known, it is c...

**§ 465.Attorney's fees—For what services recoverable**

43A C.J.S. Injunctions § 465

...Damages under an injunction bond generally are limited to those damages arising from the effect of the injunction and any attorney's fees accruing from efforts to dissolve the injunction. Consequently,...

**INTERLOCUTORY INJUNCTIONS AND THE INJUNCTION BOND**

73 Harv. L. Rev. 333

...The discretion of a court of equity to impose conditions on the issuance of its decrees was the origin of its power to require that a plaintiff undertake to answer for a defendant's damages resulting f...

See More Secondary Sources

**Briefs**

**Brief for Defendants-Appellants Non-Confidential**

2010 WL 3140842
NOKIA CORPORATION, Plaintiff-Appellee, v. INTERDIGITAL, INC., InterDigital Communications, LLC, InterDigital Technology Corporation, Defendants-Appellants.
United States Court of Appeals, Second Circuit.
July 28, 2010

...Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendants-Appellants InterDigital, Inc., InterDigital Communications, LLC, and InterDigital Technology Corporation (collectively, "In...

**Brief for Plaintiff-Appellee (to Be Filed under Seal) Non-Confidential**

2010 WL 4931278
NOKIA CORPORATION, Plaintiff-Appellee, v. INTERDIGITAL, INC., InterDigital Communications, LLC, InterDigital Technology Corporation, Defendants-Appellants.
United States Court of Appeals, Second Circuit.
November 29, 2010

...Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Plaintiff-Appellee Nokia Corporation ("Nokia") states as follows: Nokia Corporation, a publicly held company, has no parent corporatio...

**Brief for Plaintiff-Counter-Defendant-Appellee**

2011 WL 1536641
SEA TOW SERVICES INTERNATIONAL, INC., Plaintiff-Counter-Defendant-Appellee, v. Duke PONTIN, dba Spirit Towing, dba Sea Tow Florida Keys, Duke Pontin, individually, Defendants-Counter-Claimants-Appellants.
United States Court of Appeals, Second Circuit.
April 18, 2011

...Sea Tow Services International, Inc. has no parent corporations and no shareholders that are publicly held corporations. FN1. The caption in this case references the sole

---

📄 Original Image of 2011 WL 7501176 (PDF)

2011 WL 7501176 (Fla.Cir.Ct.) (Trial Motion, Memorandum and Affidavit)
Circuit Court of Florida.
15th Judicial Circuit
Palm Beach County

Loren BANNER, Plaintiff,
v.
WELLS FARGO BANK, N.A. and Law Offices of David J. Stern, P.A.,
Defendants.

No. 502007CA0008.
October 25, 2011.

### Order On Banner's Motion for Partial Summary Judgment as to Monies Currently Due and Owing

Thomas Barkdull Circuit Court Judge.

THIS MATTER came before on September 20, 2011, regarding Banner's Motion for Partial Summary Judgment as to Monies Currently Due and Owing and the Court hearing argument of counsel and being otherwise advised in the premises, this Court finds as follows:

1. The undisputed testimony established that it was the practice of the Law Office of David J. Stern, P.A. (hereafter the "Law Firm") as established by David J. Stern (hereafter "Stern"), to inform the Plaintiff and class members who wish to reinstate their mortgages to include in the reinstatement letter, the following:

> Pursuant to your request for reinstatement figures as to the above referenced loan, the following is a breakdown of the sums currently due and owing.

However, the undisputed evidence established that the Defendants would add amounts which were not "currently due and owing", but would only be owed, if at all, sometime in the future. These amounts included the mortgage payments, which were not due as of the date of the Reinstatement Letter, late fees, which were not late as of the date of the Reinstatement Letter, title updates which were not incurred as of the date of the Reinstatement Letter, and attorneys' fees for services not yet performed as of the date of the Reinstatement Letter.

2. As a result of these practices, the Court grants the Plaintiffs Motion for Partial Summary Judgment and finds that the Defendants are in violation of the Florida Consumer Collection Practices Act which forbids one from collecting debts which the Defendants knew were not legitimate. The Court finds that the Defendants are in violation of Fla. Stat. §559.72(9) and the remedies contained in Fla. Stat. §559.77, including actual damages, if appropriate, statutory damages, injunctive relief and attorneys' fees and costs may be warranted.

3. The Court will reserve ruling until the parties meet to determine the amount of actual damages, and the number of class members whose reinstatement letters contained the violations outlined in this Order. Additionally, the Court reserves ruling on attorneys' fees and costs.

DONE AND ORDERED this *24* day of *Oct.* 2011, in West Palm Beach, Palm Beach County, Florida.

---

**End of Document**        © 2014 Thomson Reuters. No claim to original U.S. Government Works.



EXHIBIT F