**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-cv-62338-BLOOM/Valle**

**KEVIN PRESCOTT**,

Plaintiff,
v.

**SETERUS, INC.**,

Defendant.
______________________/

# ORDER

**THIS CAUSE** is before the Court upon the Mandate of the United States Court of Appeals for the Eleventh Circuit, reversing and remanding the above-styled action for further proceedings consistent therewith, ECF No. [108] (the "Mandate"), as well as the Order of the Eleventh Circuit granting Plaintiff Kevin Prescott's ("Plaintiff") Motion for Attorney's Fees as to entitlement, and remanding for consideration of reasonable fees to be awarded, ECF No. [107] (the "Order"). The Court has carefully reviewed the Mandate, the Order, the record, including Plaintiff's Motions for Attorney Fees and Costs, ECF Nos. [102], [112], [113], and is otherwise fully advised.

Bank of America, N.A., extended a loan to Prescott in April of 2004. Plaintiff signed a promissory note, which was secured by a Mortgage to real property of Plaintiff's, eventually defaulting on the loan in August of 2012. A few months later, in October, Bank of America, N.A. assigned the Mortgage, and Defendant Seterus, Inc. ("Defendant"), began servicing the loan. Defendant also retained the services of a foreclosure law firm, Kahane and Associates, in order to initiate foreclosure proceedings against Prescott.

Prescott requested to reinstate the mortgage in August of 2013. On September 4, 2013, Defendant sent a dunning letter to Plaintiff stating that "the reinstatement amount if received between 9/4/2013 and 9/27/2013 is $15,569.64. This communication is from a debt collector as we sometimes act as a debt collector. We are attempting to collect a debt and information obtained will be used for that purpose." ECF No. [51-1] at 34. Under the heading "Reinstatement Amount," Defendant provided Plaintiff with an itemized list of charges. These charges included $1,125 for "Legal Fees F/C" under the heading "Actual Charges Through 9/27/2013" and $3,175 for "Estimated Legal/Attorney" under the heading "Estimated Charges Through 9/27/2013." *Id.* at 36-37. Plaintiff paid the full $15,569.64 to Defendant on September 26, 2013.

Prescott then filed the instant action on October 3, 2013, in the Seventeenth Judicial Circuit Court of Florida. The underlying complaint alleges that the inclusion of the estimated attorney's fees in the restatement balance violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 555.72(9).[1] On November 14, 2013, Seterus refunded Prescott the $3,175 in estimated legal fees, because those fees were not incurred before Seterus reinstated the mortgage. Defendant filed a notice of removal with this Court on October 25, 2013, after which

[1] The FDCPA provides, in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Also, the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt" also constitutes violations of the FDCPA. 15 U.S.C. § 1692e(2). The relevant portion of the FCCPA provides: "[i]n collecting consumer debts, no person shall: . . . (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

time the parties filed motions for summary judgment. The Court granted summary judgment for Seterus on all of Prescott's claims. ECF No. [85] ("Order on Summary Judgment"). Prescott then appealed. See ECF No. [86].

Ultimately, the Court of Appeals for the Eleventh Circuit reversed this Court's Order on Summary Judgment, stating, in relevant part, as to the FDCPA claims:

> Because the least sophisticated consumer would not have understood that the security agreement 'expressly authorized' Seterus to charge estimated fees for legal services not yet rendered, we reverse the district court's grant of summary judgment on Prescott's § 1692f(1) claim. . . . Seterus violated [§ 1692e as well] when it demanded that Prescott pay estimated attorney's fees before it would reinstate his loan, because Seterus could not 'lawfully receive' those fees under the terms of the security agreement. That is true even if Seterus believed it was entitled to those fees. We therefore reverse the district court's grant of summary judgment to Seterus on Prescott's § 1692e(2).

Mandate at 9-12 (citations omitted). The Eleventh Circuit also reversed this Court's conclusion on the FCCPA claims, remanding to the undersigned for consideration in the first instance. The Circuit Court further held that Plaintiff, as the prevailing party, is entitled to attorney's fees. *See* Order (remanding to this Court for determination of reasonable fees).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court's Order on Summary Judgment in favor of Seterus on the FCCPA and FDCPA claims, **ECF No. [85]**, is **VACATED**.
2. Defendant violated §§ 1692f(1) and 1692e(2) of the FDCPA; summary judgment is, therefore, entered **in favor of Plaintiff** on the §§ 1692f(1) and 1692e(2) claims.
3. Plaintiff is entitled to reasonable attorney's fees. The Court will reserve ruling on Plaintiff's related motions, ECF Nos. [112] and [113], until they are fully briefed.

4. Plaintiff's Motion for Bill of Costs, **ECF No. [102]**, is **GRANTED**.[2] Costs in the amount of **$2,249.20** shall be taxed against Defendant.

5. The parties are **DIRECTED** to file supplemental briefs, subject to the Local Rules, on liability pursuant to Plaintiff's FCCPA claims **no later than April 28, 2016**.

**DONE AND ORDERED** in Miami, Florida, this 7th day of April, 2016.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

[2] Defendant only opposed this motion because it was "premature," before the Eleventh Circuit issued its Mandate. See ECF No. [106] at 4 ("As claims are still pending and this Court has not entered final judgment post-remand, Prescott's Bill of Costs is premature.").