UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-62338-BLOOM/Valle

KEVIN PRESCOTT,

    Plaintiff,
v.

SETERUS, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Seterus, Inc.'s ("Defendant" or "Seterus") Motion for Reconsideration, ECF No. [118] (the "Motion"), of the Court's Order granting partial summary judgment in favor of Plaintiff, ECF No. [115] (the "Order"). The Court has carefully reviewed the Motion, the record, and the applicable law, and is otherwise fully advised.[1] For the reasons that follow, the Motion is denied.

Plaintiff Kevin Prescott ("Plaintiff" or "Prescott") filed the instant action on October 3, 2013, alleging that Seterus' inclusion of estimated attorney's fees in his restatement balance violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 555.72(9).[2] On November

---

[1] Plaintiff failed to file any formal response to the Motion. Nevertheless, in its Reply to its Motion for Appellate Fees, ECF No. [125], he notes that the Eleventh Circuit "expressly reversed" summary judgment on the FDCPA claims defined below.

[2] The FDCPA provides, in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Also, the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may

14, 2013, Seterus refunded Prescott the $3,175 in estimated legal fees, because those fees were not incurred before Seterus reinstated the mortgage. The Court, ultimately, granted summary judgment for Seterus on all of Prescott's claims. ECF No. [85] ("Order on Summary Judgment"). Prescott then appealed. *See* ECF No. [86].

The Court of Appeals for the Eleventh Circuit reversed this Court's Order on Summary Judgment as follows:

> Because the least sophisticated consumer would not have understood that the security agreement "expressly authorized" Seterus to charge estimated fees for legal services not yet rendered, we reverse the district court's grant of summary judgment on Prescott's § 1692f(1) claim. . . . Seterus violated [§ 1692e as well] when it demanded that Prescott pay estimated attorney's fees before it would reinstate his loan, because Seterus could not "lawfully receive" those fees under the terms of the security agreement. That is true even if Seterus believed it was entitled to those fees. We therefore reverse the district court's grant of summary judgment to Seterus on Prescott's § 1692e(2).

ECF No. [108] (the "Mandate") at 9-12 (citations omitted). The Eleventh Circuit also reversed this Court's conclusion on the FCCPA claims, remanding to the undersigned for consideration in the first instance.[3]

Pursuant to the Eleventh Circuit's finding that Seterus violated §§ 1692f(1) and 1692e(2) of the FDCPA, the Court entered summary judgment in favor of Plaintiff on the §§ 1692f(1) and 1692e(2) claims on April 7, 2016. *See* Order. The instant Motion seeks reconsideration of the Order, pursuant to Fed. R. Civ. P. 59(e), "because the existing factual record demonstrates that Prescott did not prove that Seterus is a 'debt collector' as required under the FDCPA. As such, Prescott's §§ 1692f(1) and 1692e(2) claims fail. Thus, to correct this clear error and to prevent

---

be lawfully received by any debt collector for the collection of a debt" also constitute violations of the FDCPA. 15 U.S.C. § 1692e(2). The relevant portion of the FCCPA provides: "[i]n collecting consumer debts, no person shall: . . . (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

[3] The Circuit Court further held that Plaintiff, as the prevailing party, is entitled to attorney's fees. *See* ECF No. [107] (remanding to this Court for determination of reasonable fees).

manifest injustice, this Court should vacate its order granting Prescott summary judgment on his FDCPA claim." Mot. at 2.

"While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) ("[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003); *see Eveillard v. Nationstar Mortgage LLC*, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015). But, "[a] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania*, 401 F. Supp. 2d at 1283. Simply put, a party "cannot use a Rule 59(e) motion to

relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

Seterus requests that this Court vacate its entry of summary judgment in favor of Prescott as to his FDCPA claims, because the Mandate did not direct this Court to enter summary judgment in Prescott's favor and, as a matter of law, Prescott's FDCPA claim fails. Thus, Defendant argues, the Court must reconsider its ruling in order to correct clear error. The Motion for Reconsideration, in this way, dovetails into the arguments presented in the Motions for Summary Judgment, ECF Nos. [124], [128], which were filed separately on the docket and have yet to be considered. Seterus, in fact, spends much of the instant Motion presenting its argument for summary judgment, to wit, that it is entitled to judgment in its favor because Prescott failed to present any evidence that Seterus is a "debt collector," as required by statute. *See* 15 U.S.C. § 1692(a)(6). The FDCPA only applies to "debt collectors," which it defines as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §§ 1692a(5), (6), 1692e(10). Should the Court decide not to grant summary judgment in Seterus' favor, the Motion requests alternatively that the Defendant be provided further argument or briefing as to Prescott's FDCPA claims.

The crux of Seterus' argument is that the Eleventh Circuit's ruling was based on a false premise. As stated earlier, the Mandate expressly reversed this Court's grant of summary judgment in favor of Seterus as to Prescott's section 1692f(1) and section § 1692e(2) claims. *See* Mandate at 9-12. In so holding, the Circuit Court declined to affirm the Court's granting of

summary judgment on an issue that Seterus failed to raise, namely, the claim that Seterus was not a debt collector:

> Seterus first argues that we should affirm the district court's grant of summary judgment in its favor because Prescott failed to present sufficient evidence that it is a "debt collector," as defined by the FDCPA and the FCCPA. *See* 15 U.S.C. § 1692a(6) (defining a debt collector as one whose "principal purpose . . . is the collection of debts" or one "who regularly collects or attempts to collect . . . debts owed . . . to another"); Fla. Stat. § 559.55(7) (same). The district court did not directly address this issue, noting only that the parties had stipulated that Seterus "acquired [Prescott's] mortgage after it was in default." Although Seterus denied being a debt collector in its answer to Prescott's complaint, it did not move for summary judgment on that ground. We decline in this instance to affirm the district court's grant of summary judgment on a ground that Seterus failed to raise before that court.

Mandate at 10-11 (citing Order on Summary Judgment; ECF No. [5] (answer) at ¶ 15; *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.")).

Seterus claims, nevertheless, that it properly raised the issue of whether or not it qualified as a debt collector under the FDCPA at the summary judgment stage. But, curiously, the Defendant only seems to be able to provide two insignificant examples of such argument. First, one sentence of Seterus' reply to its motion for summary judgment claims that "Prescott's contentions that Seterus was a 'debt collector' and that Prescott was a 'consumer' are not facts, but bare legal conclusions." ECF No. [63] at 8.[4] Then, Seterus again addressed this issue during oral argument on the parties' respective Motions for Summary Judgment. *See* ECF No. [89] (transcript of oral argument held on December 1, 2014) at 4:24-5:2 ("Seterus is not trying to be obstinate as regards to whether or not they are a debt collector. It's simply our position that

---

[4] Seterus also argues that the Court should not provide Prescott with leave to amend or with additional time for discovery, as no good cause exists for extending the respective deadlines as set forth in the Scheduling Order governing this matter. The Court refrains from considering these issues as no relief in these forms has been requested by Prescott.

that's something that they need to prove. And if they prove it, so be it."). Review of the record confirms that no further argument was made on this issue.

This is plainly insufficient. The argument that Defendant properly raised the "debt collector" issue before the Court in these two sentences – neither of which were included in Seterus' motion for summary judgment, and neither of which claim that Seterus is not a debt collector, but only allege that Prescott has failed to present enough evidence as to the same – is disingenuous at best. And, it is axiomatic that "parties cannot properly raise new issues at supplemental briefing." *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000) (on remand, finding that defendant abandoned issue by failing to raise it in his initial brief where defendant argued "totally new issues" in his supplemental brief). Seterus, therefore, has abandoned its argument that it is not a debt collector as defined by the FDCPA. For that reason, the Court cannot allow further briefing on the issue. Accordingly, it is **ORDERED AND ADJUDGED** that Seterus' Motion for Reconsideration, **ECF No. [118]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of May, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record