**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-cv-62338-BLOOM/Valle**

KEVIN PRESCOTT,

Plaintiff,

v.

SETERUS, INC.,

Defendant.

______________________/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff Kevin Prescott's ("Prescott" or "Plaintiff") Motions for Attorneys' Fees, one for appellate counsel and another for trial counsel. *See* ECF Nos. [112] (motion for appellate counsel fees), [113] (motion for trial counsel fees) (together, the "Motions"). The Court has carefully reviewed the Motions and the exhibits attached thereto, all supporting and opposing submissions, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Plaintiff's Motions are granted in part and denied in part.

**I. Background**

The underlying dispute in this case actually concerns attorneys' fees as well, that is, *estimated* attorneys' fees included in Plaintiff's loan restatement balance as set forth by Defendant Seterus, Inc. ("Defendant" or "Seterus"). Prescott claimed that this practice violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"),[1] and the Florida

[1] The FDCPA provides, in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Also, the FDCPA

Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").[2] *See Prescott v. Seterus, Inc.*, No. 13-CV-62338, 2016 WL 2997418, at *1 (S.D. Fla. Apr. 8, 2016), *reconsideration denied*, No. 13-CV-62338, 2016 WL 2993485 (S.D. Fla. May 19, 2016). However, Prescott is only entitled to relief under the FDCPA, because he failed to demonstrate actual knowledge as a prerequisite to recover under the FCCPA.

Prescott filed the instant action on October 3, 2013, in the Seventeenth Judicial Circuit Court of Florida. Defendant filed a notice of removal with this Court on October 25, 2013, after which time the parties filed motions for summary judgment. The Court granted summary judgment for Seterus on both of Prescott's claims. ECF No. [85] ("Order on Summary Judgment"); *Prescott v. Seterus, Inc.*, No. 13-CV-62338, 2014 WL 11380936, at *7 (S.D. Fla. Dec. 8, 2014). Prescott then appealed. *See* ECF No. [86]. Ultimately, the Court of Appeals for the Eleventh Circuit reversed this Court's Order on Summary Judgment, stating, in relevant part, as to the FDCPA claims:

> Because the least sophisticated consumer would not have understood that the security agreement 'expressly authorized' Seterus to charge estimated fees for legal services not yet rendered, we reverse the district court's grant of summary judgment on Prescott's § 1692f(1) claim. . . . Seterus violated [§ 1692e as well] when it demanded that Prescott pay estimated attorney's fees before it would reinstate his loan, because Seterus could not 'lawfully receive' those fees under the terms of the security agreement. That is true even if Seterus believed it was entitled to those fees. We therefore reverse the district court's grant of summary judgment to Seterus on Prescott's § 1692e(2).

---

provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt" also constitute violations of the FDCPA. 15 U.S.C. § 1692e(2).

[2] The relevant portion of the FCCPA provides: "[i]n collecting consumer debts, no person shall: . . . (9) Claim, attempt, or threaten to enforce a debt when such person *knows* that the debt is not legitimate, or assert the existence of some other legal right when such person *knows* that the right does not exist." Fla. Stat. § 559.72(9) (emphasis added).

ECF No. [108] (Mandate) at 9-12 (citations omitted); *Prescott v. Seterus, Inc.*, 635 F. App'x 640, 645 (11th Cir. 2015). The Eleventh Circuit also reversed this Court's conclusion on Prescott's FCCPA claim, remanding to this Court for consideration in the first instance. The Circuit Court further held that Plaintiff, as the prevailing party, is entitled to attorney's fees:

> Before the Court is Appellant's "Application for Attorney's Fees," construed as a motion for appellant attorney's fees, including fees on fees, pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1695k(a)(3). Appellant's motion is GRANTED AS TO ENTITLEMENT. On its own motion, this Court TRANSFERS Appellant's 'Application for Attorney's Fees' to the District Court for its consideration of the reasonable amount of appellate attorney's fees to be awarded.

*See* ECF No. [107] (Order) (citing Eleventh Circuit Rule 39-2(d)).

Pursuant to the Mandate, the Court then entered summary judgment on the FDCPA claim in favor of Prescott. ECF No. [115]; *Prescott*, 2016 WL 2997418, at *1. Shortly thereafter, Seterus filed a Motion for Reconsideration, which was denied. *See* ECF Nos. [118], [133]; *Prescott*, 2016 WL 2993485, at *4. Accordingly, Seterus' liability under the FCCPA was the sole issue presented for adjudication on supplemental cross-motions for summary judgment.

Faced with this task, the Court found that, although Seterus violated the FCCPA when it demanded that Prescott pay estimated legal fees, as a matter of law, Seterus was not liable under the FCCPA for this violation, because Prescott failed to prove the requisite actual knowledge. *See* ECF No. [142] (Order on Remand) at 11 ("Florida law does not provide relief for this violation alone; instead, as a prerequisite to relief, and as discussed herein, it was Prescott's burden to demonstrate that Seterus had actual knowledge that it could not charge these estimated fees. Prescott has simply failed to surmount this hurdle, which is dispositive under the facts presented.") (citing *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1279 (M.D. Fla. 2008)

(granting summary judgment for defendant where plaintiff had not established actual knowledge); *Arianas v. LVNV Funding LLC*, 132 F. Supp. 3d 1322, 1330 (M.D. Fla. 2015) (granting summary judgment for defendant where plaintiff was "unable to show that [defendant] had actual knowledge that the debts were illegitimate")). Before liability as to the FCCPA was established, however, Prescott filed the instant Motions seeking attorneys' fees pursuant to the FDCPA only, on which the Court previously deferred ruling. Now that the Court has rendered judgment as to all claims in this case, it is proper to rule on the merits of the instant Motions. *See* Fed. R. Civ. P. 54(d)(2)(B)(i); *Founders Ins. Co. v. Cortes-Garcia*, 2013 U.S. Dist. LEXIS 23365, at *33 (M.D. Fla. 2013) ("[W]hat is central to determining a prevailing party still requires a determination of which party was successful and on which claims, which is impossible to determine . . . when an issue still remains outstanding.").

**II. Legal Standard**

The FDCPA provides for mandatory attorneys' fees to prevailing plaintiffs as follows:

> (a) Amount of damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 *et seq.*] with respect to any person is liable to such person in an amount equal to the sum of . . .
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3). "Given the structure of [§1692k], attorney's fees should not be construed as a special or discretionary remedy; rather the [FDCPA] mandates an award of attorney's fees as a means of fulfilling Congress' intent that the [FDCPA] should be enforced by debtors acting as private attorneys general." *In Re Martinez*, 266 B.R. 523, 537 (Bankr. S.D. Fla. 2001) (citing *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991)). As the Supreme Court has instructed, "'plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if

they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citations omitted); *see Herbst v. North Ocean Condos, L.P.*, -- F. Supp. 2d --, 2009 WL 2257827, at *4 (S.D. July 29, 2009). This standard is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley*, 461 U.S. at 433. Additionally, "federal statutory fee-shifting provisions ordinarily authorize fees on fees." *Sheet Metal v. Law Fabrication*, 237 F. App'x 543, 550 (11th Cir. 2007) (citing *Comm'r v. Jean*, 496 U.S. 154, 162 (1990); *Thompson v. Pharmacy Corp. of America, Inc.*, 334 F.3d 1242, 145 (11th Cir. 2003)).

In *Norman v. Hous. Auth. of City of Montgomery*, the Eleventh Circuit provided the framework within which courts may analyze the reasonableness of an award of attorney's fees. 836 F.2d 1292, 1299 (11th Cir. 1988). First, a district court must determine the "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.*; *Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. "The party who applies for attorney's fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." *Yarbrough v. Credit Control Servs., Inc.*, No. 09-61136-CIV, 2011 WL

860435, at *9 (S.D. Fla. Feb. 12, 2011), *report and recommendation adopted*, No. 09-61136-CIV, 2011 WL 860431 (S.D. Fla. Mar. 9, 2011) (citing *id.* at 1303).

After calculating the lodestar fee, the court may then proceed with an analysis of whether to adjust the amount upwards or downwards. In making this determination, the court may depend upon a number of factors, including the quality of the results, and representation in the litigation. *Id.* at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Norman*, 836 F.2d at 1302 (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987). But, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley*, 461 U.S. at 436-37). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578. "Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (citation omitted).

**III. Discussion**

The Eleventh Circuit has determined that Prescott is entitled to an award of appellate attorney's fees and has remanded to this Court for consideration of the reasonable amount of appellate attorney's fees to be awarded. *See* Order. Similarly, binding authority instructs that Plaintiff, as a prevailing party for attorney's fees purposes due to his successful FDCPA claim, is entitled to reasonable attorney's fees for all services provided in the district court action.[3] *See* 15

[3] Seterus only objected to the award of attorney's fees as premature, considering that the FCCPA claim had yet to be resolved, which issue has now been ameliorated. *See* ECF No. [117] (Response to Motion).

U.S.C. § 1692k(a)(3); *Hensley*, 461 U.S. at 433. The question, then, as to each Motion, is only what amount is reasonable.

In Prescott's Motion for appellate counsel's fees, he seeks recovery of $95,479.78, representing 238.70 hours at appellate counsel, Kathryn O'Loughlin's ("O'Loughlin"), $400.00 hourly rate. In the Motion for trial counsel's fees, Plaintiff requests $119,738.60 total, pursuant to representation by J. Dennis Card Jr. ("Card") at an hourly rate of $375.00 as well as Card's paralegal, Marlene Vazquez, at an hourly rate of $85.00.[4] Notably, Seterus does not object to the Motion for trial counsel's fees. As to the Motion for appellate counsel's fees, however, it objects to reimbursement for certain billing entries as unnecessary and vague and to O'Loughlin's hourly rate as excessive. Furthermore, the Defendant proffers that the award of appellate counsel's fees is subject to further reduction, due to Prescott's failure to prevail on his FCCPA claims. ECF No. [119] ("Response"). Curiously, Prescott files no reply in response to Seterus' arguments.

### A. Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Here, the relevant legal community is South Florida. Prescott submits two Affidavits, one from O'Loughlin, ECF No. [112-1] ("O'Loughlin Affidavit"), and another from an attorney's fees expert, Samuel Lopez, ECF No. [112-3] (the "Lopez Affidavit"), in support of

[4] "Clearly, 'a reasonable attorney's fee' as used in § 1988 cannot have been meant to compensate only work performed personally by members of the bar. Rather, that term must refer to a reasonable fee for an attorney's work product, and thus must take into account the work not only of attorneys, but also the work of paralegals and the like." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 274 (1989).

O'Loughlin's hourly rate of $400. Similarly, in support of Card's fees, the Plaintiff submits an Affidavit from Card in support of his requested hourly rate of $375.00, *see* ECF No. [113-2] (the "Card Affidavit'), as well as a retained fee expert, Chad Van Horn, ECF No. [113-3] (the "Horn Affidavit").

In determining whether these hourly rates are reasonable, the Court may consider a number of factors, such as "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")). Also, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303).

**1. O'Loughlin**

According to O'Loughlin's Affidavit, she is the sole shareholder, director, and lawyer in the law firm of Colleen Kathryn O'Loughlin, PA. Her practice is primarily comprised of civil litigation. After graduating from the University of Miami School of Law, she worked as a law clerk for the Florida Attorney General's Office and, later as an attorney for a sole practitioner in the area of personal injury law. In or about May of 1997, she began working with Ephraim Roy Hess, Esquire and, together in August 1998, established the law firm Hess & O'Loughlin, which

became the law firm Hess & O'Loughlin, P.A. in 2001. At that firm, O'Loughlin's practice was 90% or more civil litigation in the state and federal courts, most of it in the areas of civil rights, employment discrimination, and commercial litigation. The firm consulted and/or litigated about rights numerous federal and state statutes and policies, successfully challenging, *inter alia*, the City of Hollywood's pre-employment drug testing policy in *Baron v. City of Hollywood*, 93 F. Supp. 2d 1337, 1342 (S.D. Fla. April 4, 2000), and winning two notable appeals, *see Brown v. Butterworth*, 831 So. 2d 683 (4th DCA 2002) (holding that circuit courts are courts of competent jurisdiction for Congressional reapportionment claims), and *SCI Funeral Servs of Fla., Inc. v. Seabury*, 823 So. 2d 788 (4th DCA 2002) (affirming final judgments enforcing Mediation Settlement Agreement).

In February 2005, O'Loughlin founded her own practice, Colleen Kathryn O'Loughlin, P.A, and has operated it as a solo practitioner/sole proprietor ever since. Her practice is continues to be 90% or more civil litigation in the state and federal trial and appellate courts. In October 2007, she prevailed in a jury trial in *Peer v. Lewis*, Case No. 06-60146 (S.D. Fla. Oct. 18, 2007), in which the unanimous jury awarded her client $133,500 in compensatory damages, and $657,000 in punitive damages. In that same case, she filed her first petition for *writ of certiorari* in the United States Supreme Court, without the assistance of a commercial brief printer. In 2011, she began writing briefs for other attorneys in state and federal trial and appellate courts, including the Eastern District of Ohio. The majority of her practice now consists of writing briefs for other attorneys in this fashion.

In the past, between 2001 and 2007, federal and state courts in South Florida have held that between $200.00 and $275.00 was a reasonably hourly rate for her work. *See Christopher*

*James Peer v. Daniel Warfield Lewis*, Case No. 06-60146-CIV-TORRES (Feb. 2007) ($275.00); *Mary Seabury v. SCI Funeral Services of Florida, Inc.*, Broward Circuit Case No. 99-8454 CACE (11) (Aug. 2001) ($200.00); *Thomas Baron v. City of Hollywood*, Case No. 99-6075-CIV-RYSKAMP/VITUNAC (Aug. 2000) ($200.00). Her current billing rate is $400.00 per hour, which rate was effective January 2015. Immediately prior, her billing rate was $350.00 per hour, effective December 2013. Her billing rates were $325.00 per hour, commencing April 2012; $300.00 per hour, commencing April 2011; $275.00 per hour, commencing June 2006; $250.00 per hour commencing July 2005; $225.00 per hour, commencing March 2003; and $200.00 per hour, commencing June 2000.

The time required by this case, coupled with the fact that her firm is a one-person law firm, in which she performs all lawyering and most administrative tasks, precluded her employment in other matters during the time period that she was retained by and under deadlines to assist Card in the appeal. Additionally, the appeal involved substantial legal issues, rendered more difficult by the numerous arguments by Seterus in response to the initial reply brief. Consequently, the results achieved during her employment by Card, that is, reversal of this Court's grant of summary judgment on Prescott's FDCPA claim, and remand on Prescott's FCCPA claim, was significant. Lopez's Affidavit provides very little additional information. *See* Lopez Affidavit at 3. Therein, Mr. Lopez provides only his own hourly rate, as an attorney "with a similar number of years of experience (me 19 years, and Ms. O'Loughlin 21 years)," without citations to any judicial determinations confirming that his own $450.00 hourly rate is reasonable. *See id.* Nevertheless, O'Loughlin's Affidavit, as an attorney with 21 years of experience was extensive and, thus, no additional information was necessary for the Court to

make an advised determination.

Given the range of fees awarded to O'Loughlin, Plaintiff's filings are not dispositive on the issue. Similarly, the fact that the most recent judicial determination of O'Loughlin's reasonable hourly rate submitted in her affidavit was a rate of $275.00 per hour in February of 2007, contrary to Seterus' argument, does not dissuade the Court from finding that a rate above $275.00 per hour is a reasonable rate. This is particularly the case where O'Loughlin's own billing rate in 2007 was $275.00 – the very same amount that a 2007 Magistrate Court found to be O'Loughlin's reasonable rate. And, of course, over the course of nine years, billing rates continue to increase as a reflection of the market in the Southern District as well as other economic factors, such as inflation.

The Court has considered the relevant *Johnson* factors, and has reviewed counsel's impressive qualifications, the Lopez Affidavit, the O'Loughlin Affidavit as well as counsel's attendant time records, and the record in this case. Based on this review, and the Court's own judgment and expertise, the Court finds that adjusting the hourly rate slightly for O'Loughlin to $375.00 is warranted, based on the prior awards of this Court as well as reasonable hourly rates determined by courts in the Southern District of Florida for past representations by counsel with similar experience. *See, e.g.*, *Fox v. Cohen Ventures*, -- F. Supp. 2d --, 2009 WL 1393348, at *3 (S.D. Fla. May 15, 2009) (reducing counsel's hourly rate to $325.00, because an hourly rate of $375.00 was considered excessive, despite attorney's more than 18 years of experience and work on over 200 ADA cases). Accordingly, Prescott will be awarded appellate counsel's fees at the rate of $375.00 per hour.

**2. Card**

Seterus does not object to Prescott's requested hourly rate for Card of $375.00 per hour, and paralegal fees at the rate of $85.00 per hour. *See generally* ECF No. [117]. The Court, nonetheless, must determine whether the rate cited by Card is reasonable. Card, a graduate of University of Arkansas School of Law in 2001, submits that this rate is consistent with prevailing market rates in the community. He has served as lead plaintiff's counsel in over 800 federal consumer cases in Florida district courts, trying more than 20 of these cases to verdict, and lead counsel in well over 500 state law cases. During the pendency of the instant litigation, Card had a staff consisting only of himself and one paralegal. In further support of Card's proffered rate, the Horn Affidavit submits that "that J. Dennis Card's hourly rate of $375 and Marlene Vazquez's hourly rate of $85 are reasonable based on: a. the hourly fees ($350) charged by me with 8 years of experience; and b. my familiarity with market rates for lawyers in South Florida." *Id.* at 2. The Court has considered this testimony, along with Card's 15 years of experience, the time records submitted, and the record in this case, in light of the *Johnson* factors, the market in South Florida, including O'Loughlin's hourly rate, and the Court's own judgment and expertise. From this analysis, the Court determines that a slight adjustment in the hourly rate is warranted from $375.00 to $350.00. *See Fox*, 2009 WL 1393348, at *3 ("However, even if Defendant did not object, the Court has a duty to avoid awarding excessive fees and expenses.") (citing *ACLU*, 168 F.3d at 428). No adjustment is appropriate as to Vazquez's rate as it is reasonable in the South Florida market. *See Hansen v. Deercreek Plaza*, 420 F. Supp. 2d 1346, 1351, 1353 (S.D. Fla. 2006) (awarding paralegal fees as requested at a rate of $90.00 per hour, reasoning that the hourly rate was within the range of prevailing paralegal rates within this District). Having

determined the reasonable hourly rate for both appellate and trial counsel in this case, the Court next addresses the reasonableness of the hours expended by the attorneys working on this case.

**B. Reasonable Hours Expended**

Seterus only objects to the hours expended by appellate counsel in this case. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434. In other words, they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (internal quotation marks and citations omitted); *see ACLU*, 168 F.3d at 432 (internal quotation marks and citation omitted) ("Redundant hours must be excluded from the hours claimed by the fee applicant."). The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

Seterus argues that O'Loughlin's time sheets are riddled with entries that are duplicative, vague, or otherwise unnecessary. *See* ECF No. [119-1] (Seterus' Objections to Appellate Billing Entries). For example, Seterus takes issue with an entry regarding O'Loughlin's preparation of an email to Card as unnecessary, because there is a similar entry recorded on the same date. *See id.* This argument, however, is not well-taken. Indeed, it is axiomatic that competent representation requires a number of tasks that may, in hindsight, be undertaken in a more streamlined fashion. While any unnecessary time spent on a matter must be excluded from fee

applications, at the same time, it is not the Court's role to micromanage to this extent, which can only be characterized as nitpicking. Likewise, the Court cannot say, as Seterus suggests, that O'Loughlin should have only spent a half an hour researching each case cited in her initial appellate brief. The list of 30 cases therein was certainly the result of a broader search involving careful examination, revision, and honing, thus making the 33.9 hours involved a reasonable number. Attorneys bill their time for the very reason that it can be quite difficult to ascertain the amount of time that any particular assignment should require.

Upon detailed review of the time entries as well as Seterus' objections, the Court finds that the hours expended in this case were not excessive, redundant, or unnecessary. Though not highly complex, this case required extensive, substantive briefing – for instance, the appellate reply brief was 29 pages – and, thus, required significant time, e.g., 54.1 hours for completion of the reply brief. The Court also considers the fact that this partial victory was the result of work by a sole practitioner. Ultimately, the totality of the circumstances support the 238.7 requested.[5]

**A. Reduction for FCCPA claim**

Prescott does not seek any reimbursement for attorneys' fees pursuant to the FCCPA. Indeed, conspicuously absent from the Motions is any discussion of fee-shifting provisions in the state statute. *See* Fla. Stat. § 559.77(2). Oddly, despite the Plaintiff's focus on the FDCPA exclusively for authorization, Prescott does not include any reduction in his fee requests to account for the fact that he is not requesting fees under the FCCPA – nor could he without making the uphill argument that he was the "prevailing" party on this claim, even though he was not entitled to damages. *See id.*; *Smith v. Royal Oak Fin. Servs., Inc.*, No. 3:11-CV-543-J-

[5] Likewise, although Seterus submits no objection, the Court has independently determined that the 315.3 hours that Card spent and the 16.3 hours that Vazquez spent in this case on behalf of Plaintiff is reasonable.

34JRK, 2012 WL 3290153, at *5 (M.D. Fla. June 18, 2012), *report and recommendation adopted*, No. 3:11-CV-543-J-34JRK, 2012 WL 3290151 (M.D. Fla. Aug. 13, 2012).

Because Prescott did not prevail on both the FDCPA and FCCPA claims either in District or Circuit Court, Mandate at 10-11, a reduction is warranted to account for time spent on the unsuccessful FCCPA claim. *See Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1329 (S.D. Fla. 2000) (decreasing fee award by time spent on matters not sufficiently related to action on which party prevailed); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1323 (M.D. Fla. 2003) ("[I]n order to account more adequately for the time spent on the unsuccessful claims, a percentage reduction should also be made."). The timesheets submitted with Prescott's Motions do not identify those hours spent pursuing the FCCPA claim as opposed to the FDCPA claim. For that reason, the Court finds that a percentage reduction of fifty percent in the fees award to Prescott represents a fair and reasonable adjustment of the lodestar in this case in light of Plaintiff's success on one of his two claims. *See Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 717-18 (11th Cir. 2002) (holding that district court did not abuse discretion in reducing attorney's fees award to account for plaintiff's limited success in comparison to the scope of the litigation as a whole); *Gilmere v. City of Atlanta*, 864 F.2d 734, 741 (11th Cir. 1989) (holding that district court properly reduced fee award by 25 percent because plaintiff failed to prevail on theory of municipal liability); *Brown v. School Board of Broward Co. Fla.*, -- F. Supp. 2d --, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing plaintiff's time by 50% to account for limited success); *Holmes v. Collier Co. Board of Commissioners*, -- F. Supp. 2d --, 2011 WL 4048962, at *5 (M.D. Fla. Sept. 13, 2011) (reducing plaintiff's time by 20% "[u]pon consideration of the

overall relief that Plaintiff obtained at trial in relation to the hours reasonably expended on litigation"); *Johnson v. Potter*, -- F. Supp. 2d --, 2011 WL 672347, at *5 (M.D. Fla. Feb. 17, 2011) (reducing lodestar by 45% based upon results obtained). Because Prescott prevailed in one of his two claims in both the district and appellate proceedings, the Court concludes that a 50% fee reduction is appropriate.

**IV. Conclusion**

Although the hours expended by Plaintiff's appellate and trial counsel in this case were reasonable, Plaintiff failed to account for the fact that his victory was limited in that he did not win on his FCCPA claim, but only on his FDCPA claim. Furthermore, the hourly rates charged by his counsel were slightly above market rates. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motions for Attorneys' Fees, ECF Nos. [112], [113], are **GRANTED IN PART AND DENIED IN PART** as follows:

1. For O'Loughlin's representation, ECF No. [112], Plaintiff is **awarded $44,756.25**, representing half of the 238.70 hours charged at a slightly reduced rate of $375.00.
2. For Card's representation, ECF No. [113], Plaintiff is **awarded $55,870.25**, representing half of the 315.3 hours charged at a slightly reduced rate of $350.00, and half of the 16.3 hours charged at a rate of $85.00.

**DONE AND ORDERED** in Miami, Florida, this 18th day of July, 2016.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record